UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

TRINITY INVESTMENTS LIMITED,

                     Plaintiff,

                v.

THE REPUBLIC OF ARGENTINA,

                  Defendant.

-------------------------------------------------------------------- X

       15 Civ. 2611 (TPG)

       **ANSWER TO
COMPLAINT**

Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint dated April 2, 2015 (the "Complaint"), respectfully states as follows:

1.      To the extent that Paragraph 1 of the Complaint purports to characterize the nature of this action, no responsive pleading is required.  The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.  Paragraph 1 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 1 of the Complaint for its true and correct contents.

2.      To the extent that Paragraph 2 of the Complaint purports to characterize the nature of this action, no responsive pleading is required.  Paragraph 2 of the Complaint purports to characterize the contents of written documents.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 2 of the Complaint for their true and correct contents.  To the extent that Paragraph 2 of the Complaint constitutes conclusions of law, no responsive pleadings

are required.  The Republic avers that in 2005 and 2010 it launched and consummated voluntary

exchange offers and otherwise denies the allegations contained in Paragraph 2.

3.      The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint constitutes a conclusion of law as to which

no responsive pleading is required.  The Republic otherwise admits that it is a foreign state as

defined in 28 U.S.C. § 1603(a).

5.      Paragraph 5 of the Complaint constitutes a conclusion of law as to which

no responsive pleading is required.

6.      Paragraph 6 of the Complaint constitutes a conclusion of law as to which

no responsive pleading is required.  The Republic otherwise denies the allegations contained in

Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint constitutes conclusions of law as to which

no responsive pleadings are required.

8.      The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 8 of the Complaint, except admits that it issued bonds

having ISIN US040114AR16.

9.      The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 9 of the Complaint, except admits that it issued bonds

having ISIN US040114BE93.

10.      The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 10 of the Complaint, except admits that it issued

bonds having ISIN US040114FC91.

11.     Paragraph 11 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 11 for its true and correct contents.

12.     Paragraph 12 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 12 for its true and correct contents.

13.     Paragraph 13 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 13 for its true and correct contents.

14.     To the extent that Paragraph 14 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  Paragraph 14 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 for its true and correct contents.  The Republic otherwise admits that since December 2001 it has not paid principal or interest on nonperforming debt.

15.     The Republic admits that since December 2001 it has not paid principal or interest on nonperforming debt and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 16 for its true and correct contents.  To the extent that Paragraph 16 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

17.     Paragraph 17 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 17 of the Complaint.

18.     The Republic admits that in 2005 it launched and consummated a voluntary exchange offer to holders of eligible debt.

19.     Paragraph 19 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 for its true and correct contents.

20.     The Republic admits that approximately 76% of eligible debt participated in its 2005 Exchange.

21.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22.     The Republic admits that bondholders who tendered into the 2005 Exchange received, *inter alia*, bonds scheduled to pay semi-annual interest.

23.     The Republic admits that beginning in 2005 it has made interest payments due on bonds issued pursuant to the 2005 Exchange.

24.     The Republic admits that it has made interest payments due on bonds issued pursuant to the 2005 Exchange.  The Republic avers that the Court's injunction has prevented holders of Exchange Bonds from receiving interest payments scheduled to be received after June 16, 2014, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 26 for its true and correct contents.

27.     Paragraph 27 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 27 for its true and correct contents.

28.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 29 for its true and correct contents.

30.    Paragraph 30 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 30 of the Complaint.

31.    Paragraph 31 of the Complaint purports to characterize the contents of legal proceedings.  The Republic denies such characterizations inconsistent with the referenced legal proceedings and refers to the legal proceedings cited in Paragraph 31 of the Complaint for their true and correct contents.  To the extent that Paragraph 31 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

32.    Paragraph 32 of the Complaint purports to characterize the contents of a written document.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 32 for its true and correct contents.  To the extent that Paragraph 32 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

33.    Paragraph 33 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 33 for its true and correct contents.

34.    Paragraph 34 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 34 for its true and correct contents.

35.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 36 of the Complaint.

37.     The Republic admits that beginning in 2010 bondholders who tendered into the 2010 Exchange received, *inter alia*, bonds scheduled to pay semi-annual interest.

38.     The Republic admits that it has made interest payments due on bonds issued pursuant to the 2010 Exchange.  The Republic avers that the Court's injunction has prevented holders of Exchange Bonds from receiving interest payments scheduled to be received after June 16, 2014, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint.

39.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint purports to characterize the contents of legal proceedings.  The Republic denies such characterizations inconsistent with the referenced legal proceedings and refers to the legal proceedings cited in Paragraph 41 for their true and correct contents.

42.     Paragraph 42 of the Complaint purports to characterize the contents of legal proceedings and written documents.  The Republic denies such characterizations inconsistent with the contents of the referenced legal proceedings and documents and refers to the legal proceedings and documents cited in Paragraph 42 for their true and correct contents.

To the extent that Paragraph 42 of the Complaint constitutes conclusions of law, no responsive pleadings are required.

43.     Paragraph 43 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 43 for its true and correct contents.  To the extent that Paragraph 43 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

44.     Paragraph 44 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 44 for its true and correct contents.  To the extent that Paragraph 44 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

45.     The Republic admits that the U.S. Supreme Court denied the Republic's petition for certiorari in the referenced action on October 7, 2013.

46.     Paragraph 46 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 46 for its true and correct contents.  To the extent that Paragraph 46 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

47.     Paragraph 47 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 47 for its true and correct contents.  To the extent that Paragraph 47 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

48.     The Republic admits that the U.S. Supreme Court denied the Republic's petition for certiorari in the referenced action on June 16, 2014.

49.     Paragraph 49 of the Complaint purports to characterize the contents of statements.  The Republic denies such characterizations inconsistent with the contents of the referenced statements and refers to the statements referenced in Paragraph 49 for their true and correct contents.

50.     Paragraph 50 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 50 of the Complaint.  To the extent that Paragraph 50 of the Complaint purports to characterize the nature of this action, no responsive pleading is required.

51.     In response to Paragraph 51 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 50 of the Complaint.

52.     Paragraph 52 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 52 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114AR16.

53.     Paragraph 53 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 53 for its true and correct contents. To the extent that Paragraph 53 of the Complaint

constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise

denies the allegations contained in Paragraph 53 of the Complaint.

         54.     Paragraph 54 of the Complaint purports to characterize the contents of a

written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 54 for its true and correct contents.  The Republic otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the

Complaint.  To the extent that Paragraph 54 of the Complaint constitutes a conclusion of law, no

responsive pleading is required.

         55.     The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 55 of the Complaint, except admits that since

December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that

Paragraph 55 of the Complaint constitutes a conclusion of law, no responsive pleading is

required.

         56.     Paragraph 56 of the Complaint constitutes conclusions of law as to which

no responsive pleadings are required.  The Republic otherwise denies the allegations contained in

Paragraph 56 of the Complaint.

         57.     In response to Paragraph 57 of the Complaint, the Republic repeats and

realleges its responses to Paragraphs 1 through 56 of the Complaint.

         58.     Paragraph 58 of the Complaint purports to characterize the contents of a

written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 58 for its true and correct contents.  The Republic otherwise admits that it issued

bonds having ISIN US040114BE93.

59.     Paragraph 59 of the Complaint purports to characterize the contents of a

written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 59 for its true and correct contents. To the extent that Paragraph 59 of the Complaint

constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise

denies the allegations contained in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint purports to characterize the contents of a

written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 60 for its true and correct contents.  The Republic otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the

Complaint.  To the extent that Paragraph 60 of the Complaint constitutes a conclusion of law, no

responsive pleading is required.

61.     The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 61 of the Complaint, except admits that since

December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that

Paragraph 61 of the Complaint constitutes a conclusion of law, no responsive pleading is

required.

62.     Paragraph 62 of the Complaint constitutes conclusions of law as to which

no responsive pleadings are required.  The Republic otherwise denies the allegations contained in

Paragraph 62 of the Complaint.

63.     In response to Paragraph 63 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 62 of the Complaint.

64.     Paragraph 64 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 64 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114FC91.

65.     Paragraph 65 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 65 for its true and correct contents. To the extent that Paragraph 65 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 66 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint.  To the extent that Paragraph 66 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

67.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that

Paragraph 67 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

68.     Paragraph 68 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 68 of the Complaint.

69.     In response to Paragraph 69 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 68 of the Complaint.

70.     Paragraph 70 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 70 for its true and correct contents.

71.     Paragraph 71 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 73 for their true and correct contents. To the extent that Paragraph 73 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 74 for their true and correct contents. To the extent that Paragraph 74 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 76 of the Complaint.

77.      Paragraph 77 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 79 of the Complaint.

80.      Paragraph 80 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 80 of the Complaint.

81.      Paragraph 81 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 81 of the Complaint.

82.      Paragraph 82 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 82 of the Complaint for its true and correct contents.  To the extent that Paragraph 82 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

83.      Paragraph 83 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 83 of the Complaint.

84.      Paragraph 84 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 84 of the Complaint.

85.      Paragraph 85 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Complaint.

86.      Paragraph 86 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 88 of the Complaint.

### First Affirmative Defense

89.     The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

90.     Plaintiff's claims are barred by the act of state doctrine.

### Third Affirmative Defense

91.     To the extent that plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

### Fourth Affirmative Defense

92.     Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

93.     Plaintiff's claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

94.     Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein.  *See Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review.  In connection with the Sixth Affirmative Defense, facts may exist in the present case that were not before the Court in the cases covered by the *Lightwater* and *EM Ltd. v. Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (Sept. 16, 2003), Orders.

**Seventh Affirmative Defense**

95.     Plaintiff's claims, including interest claims, are barred in whole or in part by the applicable statute of limitations/prescription period.

**Eighth Affirmative Defense**

96.     Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the governing bond documents.

**Ninth Affirmative Defense**

97.     Plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)     dismissing plaintiff's claims with prejudice;

(b)     awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c)     granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        June 2, 2015

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:     /s/ Carmine D. Boccuzzi
        Jonathan I. Blackman (jblackman@cgsh.com)
        Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for the Republic of Argentina*